UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBINSON,

    Plaintiff,

v.

CBRE, INC.,

    Defendant.

Case No. 24-11446
Honorable Laurie J. Michelson

---

**ORDER DENYING ROBINSON'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT ADDING AN ADDITIONAL DEFENDANT [32]**

---

In May of 2024, James Robinson filed this employment discrimination lawsuit against his former employer CBRE, alleging that he was denied a promotion, discriminated against based on race, and fired for reporting the alleged discrimination. (ECF No. 1.) While working on the Kellogg account, a client of CBRE, Robinson was allegedly promised a promotion from "Project Management Lead" to "Director." (*Id.* at PageID.3.) But that promotion never came. (*Id.* at PageID.3–5.) Instead, Robinson says Kellogg "ignored," and "disregarded" him, not viewing him as "the lead" on the project. (*Id.* at PageID.6.) Robinson reported these incidents to CBRE's HR office because he believed them to be discriminatory. (*Id.* at PageID.5–6.) He contends he was soon removed from the project, demoted, and fired in retaliation. (*Id.* at PageID.7.) Accordingly, Robinson brings retaliation and discrimination claims under 42 U.S.C. § 1981, Title VII, and Michigan's Elliot-Larsen Civil Rights Act. (*Id.* at PageID.7–15.)

Over a year after bringing suit and well into discovery, Robinson now seeks leave to amend his complaint to add Kellogg as a defendant. (ECF No. 32.) Robinson claims Kellogg is a proper party because "Kellogg's actions informed Plaintiff's employment with Defendant." (*Id.* at PageID.335.) He notes that counsel for CBRE mistakenly stated Kellogg was Robinson's employer at a hearing. (*Id.*) To Robinson, justice requires adding Kellogg because, without the addition, "Plaintiff may be unable to recover from a party that Defendant itself claims bears some liability." (*Id.* at PageID.336.) He asserts that adding Kellogg will not unduly prejudice CBRE because Kellogg is a separate entity, and that it will not cause undue delay since discovery is ongoing. (*Id.*) Finally, Robinson says this request was not done in bad faith but rather to "ensure that all potentially liable entities are joined" in the case. (*Id.*)

CBRE opposes this amendment for several reasons. (ECF No. 33.) First, CBRE says that Robinson's motion is untimely because Robinson knew of Kellogg's alleged involvement at the time the lawsuit was filed in 2024. (*Id.* at PageID.366.) Next, CBRE claims it would be prejudiced by the amendment due to additional discovery, litigation costs, and delays. (*Id.* at PageID.367.) Finally, it adds that the amendment would be futile because Kellogg could not be held liable as a "joint employer" with CBRE. (*Id.* at PageID.367–373 (summarizing alleged evidence that CBRE, not Kellogg, controlled Robinson's employment, oversaw his hiring and firing, managed his pay and benefits, supervised his work, and prepared his performance reviews).)

Robinson's motion is fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f). For the reasons that follow, the Court denies Robinson leave to add Kellogg as a defendant.

## I.

Federal Rule of Civil Procedure 15(a)(2) governs Robinson's motion. It states that when a party asks for leave to amend, "[t]he court should freely give leave when justice so requires." This determination is "left to the sound discretion of the trial judge." *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990). In making it, the Court considers the factors addressed in the parties' briefing: "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019).

Here, undue delay and substantial prejudice to CBRE persuade the Court to deny leave to amend the complaint to add Kellogg. As an initial matter, and as CBRE points out, Robinson has not explained why he waited over a year after filing the complaint to seek to amend it. Robinson was clearly aware of Kellogg's alleged involvement at the time of filing, because he described its conduct in his complaint. (*See* ECF No. 1 (referencing "Kellogg" 27 times throughout the complaint).) And since he worked on the Kellogg account from November 2021 to February 2023, Robinson had the at-issue information well in advance of bringing suit. (*Id.* at PageID.3, 6.) So there does not seem to be a reasonable basis for the delay. *See Hoving v. Laws. Title*

3

*Ins. Co.*, 256 F.R.D. 555, 572 (E.D. Mich. 2009) ("Courts are especially inclined to deny a motion brought under Rule 15 if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them.")

Moreover, CBRE has shown that it would be prejudiced by Robinson's proposed amendment. (ECF No. 33, PageID.367); *see Knight Cap.,* 930 F.3d at 786 (affirming denial of leave to amend based on undue delay and prejudice to defendant). For one, CBRE argues it would be forced to conduct additional discovery "after extensive discovery has already occurred." (ECF No. 33, PageID.366–367.) Additionally, CBRE says adding Kellogg at this stage would require it to "prepare additional defense strategies and expend additional resources to defend against new claims." (*Id.* at PageID.367); *see also Knight Cap.*, 930 F.3d at 786 (explaining that amendment would unduly prejudice defendant in part because "the amendment was not *de minimis*"). Further, as CBRE notes, this addition would likely delay the dispositive motion deadline. (ECF No. 33, PageID.367.)

The Court is troubled by the timeline of events—and especially by Robinson's failure to address any of these concerns. As explained, in his two-page motion for leave to amend, Robinson nowhere explains why he waited to add a defendant until 14 months after filing the complaint or what could justify such a delay. (*See* ECF No. 32.) And after CBRE raised the issues in its thorough response (*see* ECF No. 33), Robinson declined to file a reply. The undue and unexplained delay in seeking leave to amend, along with the prejudice to CBRE in allowing an amendment after the

4

parties have engaged in extensive discovery, persuade the Court that Robinson should not be granted leave to add Kellogg as a defendant.[1]

Thus, the Court DENIES Robinson's motion to amend.

SO ORDERED.

Dated: October 9, 2025

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

---

[1] CBRE also persuasively argues that the proposed amendment is futile because Kellogg could not be held liable as a joint employer. (ECF No. 33, PageID.356, 368–373.) Robinson did not address this argument in his motion seeking leave, and he failed to file a reply. So this also appears to be a legitimate grounds for denying the motion to amend. Since the Court has sufficient grounds to deny Robinson's motion based on undue delay and substantial prejudice, it will not wade further into this argument.